PEOPLE ex rel. ROCHESTER R. CO. v. PRIEST et al., Tax Com'rs.

PEOPLE ex rel. ROCHESTER GAS & ELECTRIC CO. v. SAME.

(Supreme Court, Special Term, Albany County. November, 1903.)

1. TAXATION—ASSESSMENT OF SPECIAL FRANCHISES—CERTIORARI—INTERVENTION BY CITY.

Certain corporations, by certiorari against the State Board of Tax Commissioners, procured the reduction of the assessments on their special franchises on proof that they had been assessed at their full value, whereas the real estate of the city was assessed at only 80 per cent. of its value. The mayor of the city filed an affidavit, on information and belief, that the city real estate was assessed at its full value, and that the special franchises had not been so assessed, and that the city had not appeared at the proceedings reducing the assessments of such corporations. Held, that the orders reducing the same will be set aside, and the city permitted to intervene and contest the alleged inequality.

2. SAME.

Under Laws 1900, p. 512, c. 254, § 2, in proceedings by a corporation to procure before the State Board of Tax Commissioners a reduction of assessments on their special franchises, the city was entitled to be made a party; the section providing that no certiorari to review an assessment of a special franchise should run to any other board or officer than the State Board of Tax Commissioners, unless otherwise directed by the court or judge granting the writ.

3. RES JUDICATA.

Orders of the State Board of Tax Commissioners reducing valuations of special franchises in a city by proceedings in which the city was not a party are not res adjudicata as to the city.

Application by the people, on relation of the Rochester Railroad Company, against George E. Priest and others, and by the people, on the relation of the Rochester Gas & Electric Company, against the same defendants. Application by the city of Rochester to have judgments entered in such cases set aside, with leave to intervene. Granted.

On the 27th day of June, 1903, an order was made reducing the assessment of the Rochester Railroad Company from $2,039,840 to $1,631,872, and on the same day an order was made reducing the assessment of the Rochester Gas

& Electric Company from $2,197,900 to $1,758,220, for the purpose of correcting the assessment rolls and bringing about an equality of assessment. Similar orders appear to have been made in the years 1901 and 1902. Prior to the entry of the orders of June 27, 1903, the corporation counsel of the city of Rochester was communicated with by the Attorney General, to see if the city of Rochester desired to take any action in the matter. It also appears that the corporation counsel concluded that the city of Rochester could do nothing in the premises, and such orders were entered without any appearance by or on behalf of said city. On the 18th day of July, 1903, the mayor of said city directed the corporation counsel to take proceedings to have such orders and the judgments entered thereon vacated, and the city of Rochester permitted to be heard; and an application is now made by such city for an order to vacate the above-described orders and the judgments entered thereon, and that the city of Rochester be permitted to be heard.

William A. Sutherland, Corp. Counsel, for city of Rochester.
Charles J. Bissell, for Rochester R. Co.
Harris & Harris, for Rochester Gas & Electric Co.

HERRICK, J. From the correspondence submitted to me upon this application, it would appear that notice of the proceedings to reduce the assessments of the relators was given by the Attorney General to the corporation counsel of the city of Rochester, and that the corporation counsel was then under the impression that nothing could be done by the city in the premises. The mayor, however, seems to have arrived at a different conclusion, and, speaking for the city, asks an opportunity for it to be heard. With the suggestions that have been made as to why the mayor has taken the attitude that he has, the court can have nothing to do, and will give them no weight. Under the charter of cities of the second class, to which Rochester belongs, the mayor is peculiarly the representative of the city, and the guardian of its rights and interests, and courts are bound to assume that his official actions are taken in good faith.

The question as to whether the real estate of the city of Rochester is or is not assessed at its full value, or as to whether the tax commissioners have or have not assessed the property of the corporations at their full value, cannot be determined by me upon this application. As to the first, the mayor of the city, who should have means of knowledge of the facts, swears that the real estate of the city of Rochester is assessed at its full value. It is true that that statement is made upon information and belief, but the sources of information at the hands of the mayor are such that more force and effect should be given to such an allegation than is ordinarily given to statements upon information and belief.

I have heretofore had occasion to consider applications to vacate and set aside orders and judgments rendered under similar circumstances, and permitting the city interested to intervene. In the case of People ex rel. Buffalo Railway Company v. Board of Tax Commissioners, and People ex rel. Cross-Town Railway Company of Buffalo v. Board of Tax Commissioners, a memorandum was written by me giving my reasons for granting the applications in those cases. Such memorandum has not been published, and a copy thereof is appended hereto,[1] as it seems to me that the same reasons for grant-

[1] See 85 N. Y. Supp. 237.

ing the applications in those cases apply to the application now under consideration, and lead to the same decision being made.

The application of the city of Rochester is granted, and orders and judgments set aside, with leave to the city of Rochester to intervene and be heard upon the application of the relators for a reduction of their assessments.

If the orders to be entered cannot be agreed upon, they may be settled before me at my chambers in the city of Albany upon any Saturday.